IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT B. KAULAKIS,
        Plaintiff,

vs.                                          No. CIV 00-0991 JC/LFG

ESTATE OF FRANCIS
GILMER HARMON, II, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of the following motions: (1) Defendants' Motion for New Trial, filed September 7, 2001 *(Doc. 57)*; (2) Defendants' Motion for Remittitur, filed September 5, 2001 *(Doc. 55)*; (3) Defendant's Motion to Correct Judgment to Dismiss Claims Against P.J. Murphey Harmon, filed October 5, 2001 *(Doc. 60)*; (4) Plaintiff's Motion for Order Granting Immediate Registration of Judgment Pursuant to Title 28 U.S.C. § 1963; Memorandum Brief in Support Thereof, filed October 12, 2001 *(Doc. 62)*; (5) Plaintiff's Opposed Motion for Order Setting Expedited Briefing on Plaintiff's Motion for Immediate Registration of Judgment; Memorandum Brief in Support Thereof, filed October 12, 2001 *(Doc. 64)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities.

**I.**     **Background**

This matter came on for trial on August 28, 2001. During the trial, the Court granted Plaintiff's motion for judgment as a matter of law as to the issue of liability pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure. On August 29, 2001, the jury rendered its

1

verdict on the issue of damages in the amount of $1,100,000. The Court then entered its judgment on August 30, 2001, whereby the verdict was reduced to $1,058,500 due to a stipulated setoff previously agreed to by the parties.

## II. Analysis

### A. Defendants' Motion for a New Trial

Defendants move for a new trial on three separate grounds. *See* Defendants' Motion for New Trial, filed September 7, 2001 *(Doc. 57)*. Motions for a new trial are not regarded with favor and should only be granted with great caution. *See Deters v. Equifax Credit Info. Servs.*, 981 F. Supp 1381, 1384 (D. Kan. 1997). In order to succeed on a motion for a new trial, Defendant carries the heavy burden of demonstrating that the verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence. *See Hynes v. Energy West, Inc.*, 211 F.3d 1193, 1206 (10th Cir. 2000) (citation and quotations omitted).

Defendants first argue that they are entitled to a new trial because the Court erred in directing a verdict in favor of the Plaintiff on the issue of liability. *See* Defendants' Motion for New Trial at 1. Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences that may support the opposing party's position. *See Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000) (quotation marks and citations omitted). As the Court determined during trial, the undisputed evidence showed that (1) Mr. Harmon was negligent as alleged by Plaintiff, and (2) his negligence was a proximate cause of the injuries and damages as alleged by Plaintiff. In other words, there was no legally sufficient basis for a reasonable jury to find for the Defendant on the issue of negligence. Thus, the Court finds that Defendants' first argument for a new trial is without merit.

2

Defendants next argue that they are entitled to a new trial because the Court erred when it refused to admit Plaintiff's sworn statement from his bankruptcy filing. *See* Defendants' Motion for New Trial at 2. Defendants maintain that the Court's decision not to admit the statement reversed the Court's previous decision on this issue made at the pre-trial conference on August 1, 2001. *See id.* A review of the record shows that no order was entered after the pre-trial conference reflecting a decision to allow the Defendants to admit the bankruptcy filing into evidence. *See Snow Machines, Inc. v. Hedco, Inc.*, 838 F.2d 718, 727 (3rd Cir. 1988) ("The operative act of the judge is the order. Even a formal published opinion, to say nothing of a bench opinion and even less of a comment at a conference, is a statement of reasons for the order; it does not supplant the order."). Therefore, the Court's decision at trial to exclude this evidence stands, and Plaintiff has presented no new evidence to warrant a reconsideration of this ruling.

Finally, Defendants argue that a new trial is appropriate because Plaintiff was allowed to present expert witnesses and reports not properly designated or produced. *See* Defendants' Motion for New Trial at 2. However, Defendants do no specify what expert witnesses and reports are objectionable. *See id.* In addition, the pretrial order lists the witnesses actually called during the trial. Therefore, the Court finds that Plaintiff was not subject to unfair surprise by any of the witnesses and reports presented during the trial. Accordingly, Defendants' motion for a new trial is denied.

**B.      Defendants' Motion for a Remittitur.**

Defendants move the Court for a remittitur on the grounds that the jury's verdict is excessive and constitutes a miscarriage of justice. *See* Defendants' Memorandum of Law in Support of Motion for Remittitur, filed September 5, 2001 *(Doc. 56)*. In a diversity action such

as this one, state law governs the propriety of an award of damages. *See Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1251 (10th Cir. 2000). "Under the law of New Mexico, a jury's assessment of damages is largely inviolate and is not to be disturbed 'except in extreme cases, as where it results from passion, prejudice, partiality, sympathy, undue influence, or some corrupt cause or motive where palpable error is committed by the jury, or where the jury has mistaken the measure of damages." *Id.* (*citing E.W. Richardson v. Rutherford*, 109 N.M. 495, 787 P.2d 414, 422 (1990)).

Defendants first argue that the jury's verdict of $1,100,000 is so excessive as to shock the conscience and is the result of passion, sympathy, and prejudice. *See* Defendants' Memorandum of Law in Support of Motion for Remittitur at 1-2. Defendants further argue that Plaintiff introduced insufficient evidence at trial to support an award of the loss of future wages. *See id.* The Court disagrees with both arguments. First, the jury's verdict is well within the realm of compensatory damages for a personal injury case resulting in the amputation of a leg. *See Smith*, 214 F.3d at 1252. Furthermore, there is no evidence showing that the jury's verdict was the result of passion, sympathy, and prejudice. Finally, a review of the record shows that these damages are not against the weight of the evidence. Plaintiff presented sufficient evidence to support an award of loss of future wages. Plaintiff also presented ample evidence of the physical and emotional pain he suffered and will continue to suffer as a result of his injuries. Thus, the Court finds no grounds to substitute its judgment for that of the jury. Accordingly, Defendants' motion for a remittitur is denied.

**C.     Plaintiff's Motion for Expedited Briefing**

Plaintiff moves for an expedited briefing schedule on Plaintiff's Motion for Order Granting

Immediate Registration of Judgment Pursuant to Title 28 U.S.C. § 1963; Memorandum Brief in Support Thereof, filed October 12, 2001 *(Doc. 62)*. *See* Plaintiff's Opposed Motion for Order Setting Expedited Briefing on Plaintiff's Motion for Immediate Registration of Judgment; Memorandum Brief in Support Thereof at 3, filed October 12, 2001 *(Doc. 64)*. In accordance with D.N.M. LR-Civ. 7.6(c), the Court may order an expedited briefing schedule. The Court finds that the full time for briefing under D.N.M. LR-Civ. 7.6 may operate to the detriment of Plaintiff because Defendants may not have sufficient assets within the district to satisfy the judgment. Therefore, immediate registration of the judgment in another district may be necessary upon a showing of good cause by the Plaintiff. Accordingly, Plaintiff's motion for expedited briefing on Plaintiff's motion for immediate registration of judgment is granted.

Furthermore, in order for immediate registration of judgment to be entered, the Court must resolve Defendant's Motion to Correct Judgment to Dismiss Claims Against P.J. Murphey Harmon, filed October 5, 2001 *(Doc. 60)*. In accordance with D.N.M. LR-Civ. 7.6(c), the Court finds that an expedited briefing schedule regarding this motion is also appropriate.

Wherefore,

IT IS ORDERED that Defendants' Motion for New Trial, filed September 7, 2001 *(Doc. 57)* is denied.

IT IS ORDERED that Defendants' Motion for Remittitur, filed September 5, 2001 *(Doc. 55)* is denied.

IT IS FURTHER ORDERED that Plaintiff's Opposed Motion for Order Setting Expedited Briefing on Plaintiff's Motion for Immediate Registration of Judgment; Memorandum Brief in Support Thereof, filed October 12, 2001 *(Doc. 64)* is granted.  Defendants shall have seven (7) days from the date of the entry of this order to file a response to Plaintiff's Motion for Order Granting Immediate Registration of Judgment Pursuant to Title 28 U.S.C. § 1963; Memorandum Brief in Support Thereof, filed October 12, 2001 *(Doc. 62)*.  Plaintiff has seven (7) days to file a reply.

IT IS FINALLY ORDERED that the parties shall conduct expedited briefing on Defendant's Motion to Correct Judgment to Dismiss Claims Against P.J. Murphey Harmon, filed October 5, 2001 *(Doc. 60)*.  Plaintiff shall have seven (7) days from the date of the entry of this order to file a response to Defendant's Motion to Correct Judgment to Dismiss Claims Against P.J. Murphey Harmon.  Defendants have seven (7) days to file a reply.

DATED October 24, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    James C. Ellis, Esq.
    Albuquerque, New Mexico

    Christal K. Grisham, Esq.
    Albuquerque, New Mexico

Counsel for Defendants:

    Patrick D. Allen, Esq.
    Matthew Pullen, Esq.
    Yenson, Lynn, Allen & Wosnick, P.C.
    Albuquerque, New Mexico

    P.J. Murphey Harmon, Esq.
    Law Offices of P.J. Murphey Harmon
    Houston, Texas