# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT B. KAULAKIS,
        Plaintiff,

vs.                                            No. CIV 00-0991 JC/LFG

ESTATE OF FRANCIS
GILMER HARMON, II, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of the following motions: (1) Defendant's Motion to Correct Judgment to Dismiss Claims Against P.J. Murphey Harmon, filed October 5, 2001 *(Doc. 60)*; (2) Plaintiff's Motion for Order Granting Immediate Registration of Judgment Pursuant to Title 28 U.S.C. § 1963; Memorandum Brief in Support Thereof, filed October 12, 2001 *(Doc. 62)*; and (3) Plaintiff's Motion to Strike Defendants' Reply Withdrawing Defendants' Motion to Correct Judgment; Memorandum Brief in Support Thereof, filed November 11, 2001 *(Doc. 70)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities.

## I.    Background

This matter came on for trial on August 28, 2001. During the trial, the Court granted Plaintiff's motion for judgment as a matter of law as to the issue of liability. The jury rendered its verdict on the issue of damages in the amount of $1,100,000. The Court then entered its judgment on August 30, 2001, whereby the verdict was reduced to $1,058,500 due to a stipulated setoff previously agreed to by the parties.

**II.     Discussion**

    **A.     P.J. Murphey Harmon in his Capacity as Independent Executor of the Estate**

Defendants originally ask the Court to correct the judgment by dismissing all claims against P.J. Murphey Harmon because he was not named as a party defendant to this lawsuit.  *See* Defendant's Motion to Correct Judgment to Dismiss Claims Against P.J. Murphey Harmon, filed October 5, 2001 *(Doc. 60)*.  However, Defendants withdraw this motion in their reply brief.  Instead, they ask the Court to "clarify by order or by amending the Judgment, that the Judgment against P.J. Murphey Harmon is not a judgment against him personally, but rather is a judgment against him only as 'Independent Executor" of the Estate of Francis Gilmer Harmon, II."  *See* Reply Withdrawing Defendant's Motion to Correct Judgment to Dismiss Claims Against P.J. Murphey Harmon at 2, filed October 29, 2001 *(Doc. 69)*.  In response, Plaintiff submits a separate motion asking the Court to strike Defendants' Reply, or, in the alternative, each and every allegation of fact or request for relief in the third paragraph.  *See* Plaintiff's Motion to Strike Defendants' Reply Withdrawing Defendants' Motion to Correct Judgment; Memorandum Brief in Support Thereof, filed November 1, 2001 *(Doc. 70)*.  Plaintiff argues that Defendants improperly move the Court for alternative relief in the form of a clarification or amendment to the judgment.  *See id.* at 2.

Turning to the record, the First Amended Complaint for Damages lists the Defendants in the case as "ESTATE of FRANCIS GILMER HARMON, II, deceased, P.J. MURPHEY HARMON, in his capacity as Independent Executor of the Estate."  *See* Exhibit 2, attached to Notice of Removal by Estate of Francis Gilmer Harmon, II, Deceased and P.J. Murphey Harmon, in his Capacity as Independent Executor of the Estate, filed July 12, 2000 *(Doc. 1)*.  Clearly, P.J.

2

Murphey Harmon was sued in his capacity as Independent Executor of the Estate. Moreover, the Judgment in the case states that "judgement is entered for Plaintiff Robert B. Kaulakis, and against Defendants the Estate of Francis Gilmer Harmon, II, and P.J. Murphey Harmon, Independent Executor of the Estate of Francis Gilmer Harmon, II, in the amount of $1,058,500.00." *See* Judgment, filed August 31, 2001 *(Doc. 50)*. Clearly, the judgment was entered against P.J. Murphey Harmon in his capacity as Independent Executor of the Estate. Nothing needs to be corrected, amended, or clarified with respect to P.J. Murphey Harmon; he was sued and is liable as the independent executor of the estate. Accordingly, Defendant's Motion to Correct Judgment to Dismiss Claims Against P.J. Murphey Harmon, filed October 5, 2001 *(Doc. 60)*, and Plaintiff's Motion to Strike Defendants' Reply Withdrawing Defendants' Motion to Correct Judgment; Memorandum Brief in Support Thereof, filed November 1, 2001 *(Doc. 70)*, are denied.

### B. Immediate Registration of Judgment

Plaintiff further moves for an order granting immediate registration of the judgment in this case in another federal district court. *See* Plaintiff's Motion for Order Granting Immediate Registration of Judgment Pursuant to Title 28 U.S.C. § 1963; Memorandum Brief in Support Thereof ("Pl.'s Motion for Immediate Registration"), filed October 12, 2001 *(Doc. 62)*. 28 U.S.C. § 1963 provides that a money judgment entered in a district court "may be registered by filing a certified copy of the judgment in any other district...when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Plaintiff argues that immediate registration of the judgment is appropriate under the good cause provision because Defendants do not have sufficient assets with

3

the District of New Mexico to satisfy the judgment, but they do have sufficient assets located in other districts. Pl.'s Motion for Immediate Registration at 2.

In this case, the Court finds that Plaintiff has demonstrated good cause warranting immediate registration of the judgment. As explicitly addressed in the commentary on the 1988 revision to 28 U.S.C.A. § 1963, good cause can be shown on "a mere showing, for example, that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment." David D. Siegel, Commentary to 1988 Revision, 28 U.S.C.A. § 1963. Other courts have adhered to this interpretation. *See Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991); *Jack Frost Labs v. Physicians & Nurses Manufacturing, Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997); *Associated Business Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 68 (D.N.J. 1989). Here, Plaintiff has provided an affidavit from a private investigator stating that he did not find any assets located in the State of New Mexico under the control of the Defendants, but he did find such assets in the State of Texas. *See* Affidavit of Richard I. Miller in Support of Plaintiff's Motion for Registration of Judgment Pursuant to 28 U.S.C. § 1963, filed October 12, 2001 *(Doc. 63)*. In addition, Plaintiff has presented an exhibit showing the inventory, appraisement, and list of claims regarding the Estate of Francis Gilmer Harmon, II, filed in Probate Court in Harris County, Texas, which appraised the inventory at a value of $228,226.38. *See* Exhibit 1, attached to Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Immediate Registration of Judgment, filed November 6, 2001 *(Doc. 71)*. Finally, Plaintiff has presented an exhibit showing that P.J. Murphey Harmon claimed that he had a five-eighths interest in a parcel of real property located in Colorado. *See* Exhibit 2, attached to Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Immediate Registration of

Judgment. Exhibit 2 further shows that other members of the Harmon family are involved in the lawsuit, thereby leading to the reasonable inference that this transaction may relate to the Estate of Francis Gilmer Harmon.

By any reasonable measure, Plaintiff has demonstrated that Defendants have substantial property in other districts to satisfy the judgment. Because it is undisputed that Defendants lack sufficient funds in this jurisdiction to satisfy the judgment and Plaintiff has presented evidence that the Defendants have substantial property and/or assets in Texas and Colorado, the Court will grant Plaintiff's motion to register the judgment in those districts.

Wherefore,

IT IS ORDERED that Defendant's Motion to Correct Judgment to Dismiss Claims Against P.J. Murphey Harmon, filed October 5, 2001 *(Doc. 60),* and Plaintiff's Motion to Strike Defendants' Reply Withdrawing Defendants' Motion to Correct Judgment; Memorandum Brief in Support Thereof, filed November 11, 2001 *(Doc. 70)*, are denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order Granting Immediate Registration of Judgment Pursuant to Title 28 U.S.C. § 1963; Memorandum Brief in Support Thereof, filed October 12, 2001 *(Doc. 62)* is granted. Plaintiff shall be allowed to immediately register the judgment in the United States District Court for the Southern District of Texas, and in the United States District Court for the District of Colorado.

DATED December 3, 2001.

      _____
      SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    James C. Ellis, Esq.
    Albuquerque, New Mexico

    Christal K. Grisham, Esq.
    Albuquerque, New Mexico

Counsel for Defendants:

    Patrick D. Allen, Esq.
    Matthew Pullen, Esq.
    Yenson, Lynn, Allen & Wosnick, P.C.
    Albuquerque, New Mexico

    P.J. Murphey Harmon, Esq.
    Law Offices of P.J. Murphey Harmon
    Houston, Texas